COPE, Respondent, v. JORGENSON et al, Appellants.

(221 N. W. 263.)

(File No. 6449.   Opinion filed October 6, 1928.)

A. L. Wyman, of Yankton, for Appellants.
Lee H. Cope, of Yankton, for Respondents.

POLLEY, J. This action was brought for the recovery of a traction engine. Plaintiff's right of possession is based on a chattel mortgage. Defendant's claim to right of possession is based upon an

artisan's lien, he having made certain repairs on the engine at the request of the mortgagor, and the only question involved on this appeal is the priority of these two liens. . The chattel·mortgage was on file, and chapter 216, Laws of 1920, was in force when the engine came into the possession of defendant, and when the repairs were made.

■■ It is contended by defendant that his lien is a common-law lien, and that under the common law his lien, so long as he retains possession of the engine, constitutes a prior lien. Whether this is a correct statement of the law, it is not necessary to decide; but, conceding the correctness of defendant's position, the Legislature at all times had the power to change the priorities, or even to abolish the lien itself. Section 1700, Rev. Code 1919, makes provision for a lien dependent upon possession in cases like this. Wright v. Sherman, 3 S. D. 290, 52 N. W. 1093, 17 L. R. A. 792, involved the priorities between a chattel mortgage lien and an agister's lien. The principle involved was the same as in this case. In that case this court said:

"While in this jurisdiction the mortgagor of personal property retains the title, and is in a general sense the owner of the mortgaged property, still, in respect to his right or power to subject it to liens, he is really owner to the extent of his interest only. The right of possession is an incident to the right to a lien, and the agister may retain possession against everybody as to whom he has a superior lien."

And the general rule is stated in 6 C. J. 1183, as follows:

"The common-law lien of a mechanic for repairs under special circumstances may be superior to prior existing liens on property. Hence, where the mortgagor may be said to have express or implied authority from the mortgagee to procure repairs to be made on the mortgaged property, the common-law lien of the bailee for such repairs has priority over the mortgagee; but, in the absence of such authority, a chattel mortgage of which the bailee has notice, either actual or constructive, will prevail over the lien of the bailee for repairs."

. But the matter has been put at rest in this state by statute. Section 1, chapter 216, Laws of 1925, is a re-enactment of section 1700, Rev. Code 1919. Section 2 of this chapter reads as follows:

"That the lien provided for in the preceding section shall be

subject only to mortgages and conditional sale contracts properly filed on or before the time that the property comes into the possession of the lien claimant."

'A's above stated, plaintiff's mortgage was properly filed before the engine came into the possession of the defendant. Therefore plaintiff's lien was superior to the lien of the defendant, and plaintiff was entitled to the possession of the engine.

Judgment appealed from is affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur. CAMPBELL, J., not sitting.